**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEBRA CARVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-195-M |
| | ) | |
| THE PHYSICIAN'S GROUP, P.L.L.C., | ) | |
| and HEALTHCARE PARTNERS | ) | |
| INVESTMENTS, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is "Defendant The Physician's Group P.L.L.C.'s Motion for Summary Judgment and Brief in Support" [docket no. 29], filed April 1, 2009.  On April 23, 2009, plaintiff filed her response, and on May 4, 2009, defendant the Physician's Group, P.L.L.C. ("Physician's Group") filed its reply.  On May 21, 2009, plaintiff filed her surreply, and on May 26, 2009, defendant Physician's Group filed its sur-surreply.  Based upon the parties' submissions, the Court makes its determination.

I.     INTRODUCTION

In this employment action, plaintiff, a woman over the age of fifty, asserts a number of claims against defendant Physician's Group, her former employer.  Beginning January 2003, plaintiff was employed by defendant Physician's Group as a registered staff x-ray technician.  On or around June 2006, however, plaintiff suffered a workers' compensation injury and underwent surgery.  On or around December 2006, plaintiff returned to work part-time and, on or around April 2007, commenced full-time work soon after which she was terminated.  The stated reason for plaintiff's termination was that the facility where she worked was not busy enough to financially justify two x-ray technicians.  Further, according to the Complaint, plaintiff's job duties were taken

over by a significantly younger and less experienced man.

Plaintiff asserts that she was discriminated against and terminated from her employment by defendant Physician's Group on the basis of her age and gender.  Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act, workers' compensation retaliation and Oklahoma's *Burk*[1] tort.  Defendant now moves for summary judgment on all of plaintiff's claims.

II.     SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts.  Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

---

[1] *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

III.    DISCUSSION

    A.    Age and Gender Discrimination

Plaintiff advances claims of discrimination based upon both age and gender.  Defendant

Physician's Group does not challenge whether plaintiff has established prima facie cases for both

her age and gender discrimination claims.  Once plaintiff has established a prima facie case of

discrimination, a defendant is required to articulate a facially nondiscriminatory reason for the

adverse employment decision.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

Defendant Physician's Group asserts plaintiff was laid off because she made the highest hourly rate

of the two x-ray technicians at the facility where she worked.  The Court thus finds defendant

Physician's Group has met its burden to articulate a facially nondiscriminatory reason for

termination of plaintiff's employment.

Once a defendant has articulated a facially nondiscriminatory reason, "[a]t the summary

judgment stage, it then becomes the plaintiff's burden to show that there is a genuine dispute of

material fact as to whether the employer's proffered reason for the challenged action is pretextual-

i.e. unworthy of belief."  *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 327 (10th Cir. 1996) (internal

citation omitted).  "[A] civil rights plaintiff who asserts multiple civil rights claims, in the course

of proving pretext" need not direct evidence to any particular claim and "in a typical case, all claims

will survive."  *Id*. at 328.

The Court has carefully reviewed the parties' briefs and evidentiary submissions.  Viewing

the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in

plaintiff's favor, the Court finds plaintiff has presented sufficient evidence to create a genuine issue

of material fact as to whether defendant Physician's Group's reason for plaintiff's termination is

pretextual. Specifically, the Court finds plaintiff has presented evidence that she was more experienced and had more tenure than the employee who was not terminated. Additionally, plaintiff has presented evidence that she was certified and had been rated as an outstanding performer; whereas, the employee who was retained had failed certification at the time he was retained. Further, the Court finds the fact that defendant Physician's Group refused to consider higher paid x-ray technicians at other facilities, including those that had worked for the same physician, is some support for a finding of pretext. Finally, the Court finds that the business judgment doctrine does not immunize defendant Physician's Group's averments from review. Specifically, the Court "view[s] with suspicion a corporate restructuring justification used to counter a discrimination claim where the plaintiff's position was the only one eliminated." *Plotke v. White*, 405 F.3d 1092, 1100 (10th Cir. 2005).

Accordingly, the Court denies the motion for summary judgment as to plaintiff's age and gender discrimination claims.

B. Workers' Compensation Retaliation

Plaintiff asserts that her layoff was the result of her on-the-job injury and subsequent use of workers' compensation benefits. "The Legislature has made the burden of establishing a prima facie case for retaliatory discharge relatively easy. The discharged employee must show employment, on the job injury, receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury, or that the employee in good faith instituted, or caused to be instituted, proceedings under the Act, and *consequent* termination of employment." *Buckner v. Gen. Motors Corp.*, 760 P.2d 803, 806 (Okla. 1988) (emphasis in original). "As to the fourth element concerning whether there was a 'consequent' termination, plaintiff is required to

produce evidence that gives rise to a legal inference her firing was 'significantly motivated' by retaliation for filing the claim." *Taylor v. Cache Creek Nursing Ctrs.*, 891 P.2d 607, 610 (Okla. Civ. App. 1994).

Defendant Physician's Group asserts that plaintiff fails to prove there was a consequent termination of employment. Defendant Physician's Group argues that a supervisor offered plaintiff medical attention after plaintiff hurt her shoulder in a work-related injury, was supportive of plaintiff's decision to later seek medical treatment, and assisted plaintiff with the scoliosis cassettes because they were heavy and tall. Defendant Physician's Group also points to evidence that no one seriously gave plaintiff a hard time about her light duty work restrictions. Defendant Physician's Group concludes that plaintiff's generalized allegations are insufficient to conclude there was a consequent termination.

In response, plaintiff asserts that two pieces of evidence may be read to establish that a consequent termination occurred. First, plaintiff asserts the email between plaintiff's supervisor and the person who ultimately terminated plaintiff may be fairly read as expressing both concern and hostility towards plaintiff potentially hiring an attorney for her workers' compensation claim. Plaintiff contends this evidence is enhanced because the person who terminated plaintiff initially understated her awareness of plaintiff's workers' compensation claim and admitted more knowledge only when confronted with a series of emails on this subject. Second, plaintiff asserts the other, less qualified employees were retained who also had not filed workers' compensation claims and this is evidence of such connection.

Having reviewed the parties' submissions, the Court finds that plaintiff has presented sufficient evidence to establish a prima facie case of workers' compensation retaliation.

Specifically, the Court finds that the email in controversy could be read to establish that a consequent termination occurred.

Having established a prima facie case for workers' compensation retaliation, defendant Physician's Group must now articulate a legitimate, non-retaliatory reason for its decision to lay off plaintiff. As set forth above, defendant Physician's Group purports to have laid off plaintiff due to financial concerns. As such, the Court finds defendant Physician's Group has satisfied its burden of articulating a legitimate non-discriminatory reason for its employment decision

Next, the Court must determine whether plaintiff has submitted evidence of pretext which justifies the submission of her workers' compensation retaliation claim to the jury. Having reviewed the parties' submissions, and viewing all inferences in favor of plaintiff, the Court finds that plaintiff has presented sufficient evidence from which a jury could infer pretext. In addition to the evidence set forth in relation to plaintiff's age and gender discrimination claims, the Court finds that a jury could adopt plaintiff's interpretation of the email exchange as evidence of hostility or at least concern about the workers' compensation claim.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's workers' compensation retaliation claim.

C.      _Burk_ Tort Claim

Finally, defendant Physician's Group challenges plaintiff's *Burk* tort claim for age and gender discrimination for the same reasons that it challenges her Age Discrimination in Employment Act and Title VII claims. Having reviewed the parties' submissions, the Court finds that plaintiff has sufficiently established her *Burk* tort claim on the basis of both age and gender discrimination for substantially the same reasons these claims were established pursuant to the Age Discrimination

6

in Employment Act and Title VII.

Accordingly, the Court denies the motion for summary judgment as to plaintiff's *Burk* tort claim.

IV.     CONCLUSION

For the reasons set forth above, the Court DENIES the motion for summary judgment in its entirety.

**IT IS SO ORDERED this 27th day of May, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE